**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

http://www.flmb.uscourts.gov/

In re:                                                    Case No. 8:17-bk-01337-RTC
**Donald Forbes**                                         **Chapter 7**

_____**Debtor**_____/

**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE
(A) AN ONLINE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C.
§ 363(b), (f), (k), AND (m); (B) BID PROCEDURES; (C) SURCHARGE AGREEMENT
BETWEEN SECURED LENDER AND THE ESTATE; (D) SECURED LENDER'S
RIGHT TO CREDIT BID; AND (E) OTHER RELIEF**

Traci Stevenson, Chapter 7 Trustee (the "Trustee"), the duly appointed Chapter 7 Trustee
for the above referenced debtor (the "Debtors"), by and through her undersigned counsel,
pursuant to Sections 105 and 363 of the Bankruptcy Code hereby files this motion ("Motion")
for entry of an order, for authority to sell certain real property free and clear of all liens,
encumbrances, and interests.   In support thereof, the Trustee respectfully states as follows:

**JURISDICTION**

1.    This Court has jurisdiction to consider this Motion pursuant to

28 U.S.C. §§ 157 and 1334.   This matter is a core proceeding within the meaning of

28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2.    Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3.    The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), (k), and

(m), and Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4.      On 2/21/17 the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5.      Traci Stevenson is the duly appointed and qualified Chapter 7 Trustee.

6.      The Trustee held and concluded the 341 meeting of creditors on 04/27/2017.

7.      The Debtors scheduled a 100% ownership interest in the real property located at 2062 Dodge Street, Clearwater, FL 33760 (the "Property") and legally described as follows: Lot 23, Whitey Pines 1st Addition, according to the mat or plat thereof recorded in Plat Book 82, Pages 14 through 16, Public Records of Pinellas County.

8.      The Debtor scheduled the Property as having a value of $134,374 subject to a mortgage in favor of US Bank, N.A. (the "Secured Creditor"), in the amount owed on the Petition Date of approximately $298,031.

9.      The Trustee, after review of, among other things, the Court file in this case, and a current title report provided by the Secured Lender as well as a broker's opinion on value of the Property provided by the Secured Creditor, determined that an online bid and "Short Sale" of the real property, in cooperation with and agreement of the Secured Creditor, is the best way for the estate to realize any benefit from the Property and generate any value for the estate.

## RELIEF REQUESTED

12.     The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property by online "Short Sale" (as defined below), using the services of BK Global Real Estate Services (as defined below), free and clear of all liens, claims, encumbrances, and interests.  As a material inducement to the Trustee's decision to pursue the proposed sale, the Secured Creditor consents to the Property's sale and the creation of a Bankruptcy Estate Fee fund (the "Bankruptcy Estate Fee Fund") that will provide for the costs of this case to be

paid and provide a recovery for unsecured creditors.  The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property be required to assert no later than 5 days prior to the hearing on the instant Motion, and substantiate the basis for such asserted interest or secured claim, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.

## BASIS FOR RELIEF

### A.    The Online Sale of the Property Should Be Approved

13.    The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and his/her professionals, pursuant to the online bid process described herein below.

14.    Pursuant to Section 363(b) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of business. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008).  Further, Bankruptcy Rule 6004(f) provides that all sales not in the ordinary course of business may be conducted by private sale or by public auction.

15.    The Trustee, through the services of BK Global Real Estate Services ("BKGRES"), intends to offer the Property for private sale to the public through an online bid process (the "Online Sale") following a 21-day multi-channel marketing campaign with marketplace exposure on BKGLisitings.com, Trulia and Zillow. During the 21-day marketing period, Tanja Cisliek (the "Listing Agent") will also list the Property on the Multiple Listing Service and hold

at least two open houses, to the extent possible. The Online Sale of the Property will commence after the 21-day marketing period per the advertised and applicable start and end dates/times. If the Property receives a bid that is sufficient to meet the Reserve Price[1] then the Property will be sold to the winning bidder. If the Reserve Price is not met by the end of the first Online sale in which the property is placed, BKGRES will then advertise for a second 7-day period and place the property for Online Sale again to commence one week later. If the Reserve Price is not met at the second Online Sale, BKGRES will advertise and commence a third Online Sale one week later. In summary, unless the Reserve Price is met, BKGRES will run three consecutive Online Sales in three consecutive weeks in order to provide the Property with sufficient exposure to the marketplace. If the Reserve Price is not met at the third Online Sale, the Secured Creditor will then utilize its right pursuant to 11 U.S.C. §363(k) to purchase the Property by credit bid in the amount of the Reserve Price. As part of this process, the Trustee and BKGRES will use the Online Sale procedures, described below, to maximize the value of the Property.

16.    Given the Online Sale procedures outlined herein, including but not limited to, online marketing and the retention of an independent real estate broker as well as the Online Sale, the Trustee believes that the proposed Online Sale will facilitate a sale that will produce a reasonable sale price that will serve the best interests of the bankruptcy estate and its creditors. As such, the Trustee, in the exercise of his/her business judgment, submits that the sale price resulting from the Online Sale will be fair and reasonable.

17.    The Trustee and BKGRES will use the following procedures to conduct the Online Sale and sale of the Property.

a.    **Property to be Sold**: The Property that is offered at the Online Sale shall be sold pursuant to Section 363 of the Bankruptcy Code free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without representations or

---

[1] The Reserve Price shall be the agreed upon sale price that is short of the Secured Creditor Indebtedness amount that the Secured Creditor will accept for the sale of the Property.

warranties of any type given by the Trustee and his/her professionals.

b.     **The Online Sale Date**: The first "Online Sale Date" will be a date selected by BKGRES that is at least 21 days following the entry of an order approving this Motion; provided however that the Online Sale Date may be adjourned from time to time by posting a notice of adjournment on BKGRES's website www.BKGListings.com.

c.     **Registration Process**:  Each party wishing to participate in the Online Sale shall submit an on-line registration form on the website established by BKGRES for the Online Sale to qualify as a bidder.   The registration form shall, among other things, (i) contain such information as reasonably requested by BKGRES to identify the potential bidder and (ii) require an earnest money deposit payment (in an amount to be determined by BKGRES in consultation with the Trustee), which deposit will be held by either the Listing Broker or an approved Escrow Agent. The earnest money will either (a) not be forfeited, if the bidder is not the winning bidder, (b) not be forfeited, if the bidder is the winning bidder and timely consummates the sale pursuant to the Sale Documents, or (c) may be forfeited, if the bidder is the winning bidder but fails to timely consummate the sale, including fails to execute the Sale Documents promptly following completion of the Online Sale.  The Secured Creditor shall be deemed to be a qualified bidder at the Online Sale and shall not be required to submit a registration form or deposit.  BKGRES, in consultation with the Trustee, shall have the right to disqualify any potential bidder as a qualified bidder if such bidder fails to complete the registration process.

d.     **Bid Procedure**: Prior to the commencement of the first Online Sale Date, the Secured Creditor shall provide a written notice (the "Secured Creditor Notice") to the Trustee and BKGRES of the amount of its credit bid pursuant to Section 363(k) of the Bankruptcy Code.  The Secured Creditor Notice shall also include the following information:  (i) a minimum purchase price for the sale of the Property acceptable to the Secured Creditor (the "Reserve Price"); (ii) the Secured Creditor's initial credit bid amount to serve as the opening bid for the Online Sale (the "Opening Bid"), which Opening Bid may be less than the Reserve Price; and (iii) the bidding increment(s) ("Bidding Increments") for each round of bidding after the Opening Bid.  The Bidding Increment may be adjusted upwards or downwards during the Online Sale for each bidding round in the discretion of BKGRES to facilitate the most competitive bidding.  The Secured Creditor Notice shall be the sole authorization required by the Trustee and BKGRES to consider the submission of the Opening Bid and any competing bid(s) by the Secured Creditor pursuant to Section

363(k) of the Bankruptcy Code.

e.    **Winning Bid Amount**: The "Winning Bid Amount" shall be the highest or otherwise best bid selected by the Trustee and BKGRES, consistent with the Secured Creditor Notice, during the Online Sale.

f.    **BKGRES' Commission**:    In all Online Sale cases, BKGRES shall be paid a commission (the "BKGRES Commission") equal to two percent (2%) of the Winning Bid Amount if the winning bidder is a third party buyer, or a BKGRES Commission equal to two percent (2%) of the Winning Bid Amount if the winning bidder is the Secured Creditor, which shall be paid at closing directly to BKGRES. BKGRES shall not be entitled to any other compensation. BKGRES shall not split or otherwise share the Commission with any other person or entity. The estate shall not be responsible or obligated to pay any compensation to BKGRES.

g.    **Total Purchase Price:** The actual total purchase price ("Total Purchase Price") at closing will be equal to the Winning Bid Amount.

h.    **Listing Agent's Commission**:    The Listing Agent shall receive up to 4% of the Winning Bid Amount for any sale that closes to a third party buyer (the "Listing Agent Commission"). No Listing Agent Commission shall be paid when the highest bid is the Secured Creditor's credit bid. The Listing Agent shall not be entitled to any other compensation. The Listing Agent shall not split or otherwise share the Listing Agent Commission with any other person or entity, except that if the buyer is represented by a real estate agent, the Listing Agent and buyer's real estate agent may split or share the Listing Agent Commission by agreement. The Secured Creditor agrees to pay the Listing Agent Commission when earned and the estate shall not be responsible or obligated to pay any compensation to the Listing Agent.

i.    **Bankruptcy Estate Fee Fund & Closing Insurance:** In order to provide for the payment of expenses in this Chapter 7 case and to afford general unsecured creditors an opportunity to participate in any recovery from the sale of the Property, the Secured Creditor has agreed that: (1) if the Winning Bid Amount is less than the allowed amounts owing to the Secured Creditor, then the Bankruptcy Trustee will receive (a) 4% of the Winning Bid Amount plus the Listing Agent's Commission; or (b) 4% **of** the Reserve Price, in the event the Secured Creditor enters the winning bid (collectively the "Standard Carve- Out"); provided however that the Standard Bankruptcy Estate Fee shall never be

less than $[ESTATE FEE] exclusive of the Listing Agent's Commission; (2) if the Winning Bid Amount exceeds the amounts owing to the Secured Creditor, then the portion which exceeds the amounts owing to the Secured Creditor and any valid and substantiated junior secured lienholder (the "Surplus") shall be retained by the Chapter 7 Trustee and no Bankruptcy Estate Fee shall be paid; however, if the Surplus is less than the Standard Bankruptcy Estate Fee set out above by any amount ("Short Surplus Amount") then the Secured Creditor consents to paying the Bankruptcy Trustee an amount equal to the Short Surplus Amount; and (3) the Trustee shall be provided additional insurance by the Secured Creditor covering the Trustee and the estate from liability during the sale process and up through and including the closing on any sale. The cost of the insurance shall be billed directly to the Secured Creditor and the expense of the insurance shall not be paid by the estate, but shall be paid by the Secured Creditor.

j.      **Back-Up Bidder**:  BKGRES shall be authorized, but not required, to accept the second highest bid submitted during the Online Sale as a "back-up" bid in the event that the winning bidder fails to consummate the sale transaction.[2]

k.      **Sale Documents**:  Within 5 days following the closing of the Online Sale, the winning bidder shall execute a sale agreement or other applicable sale documents as required by the Trustee (the "Sale Documents").

18.      Accordingly, the Trustee submits that the sale of the Property pursuant to the above Online Sale process is reasonable under Section 363(b) of the Bankruptcy Code.

## B.   The Sale of the Property Should Be Approved Free and Clear of All Interests

19.      Pursuant to Section 363(f) of the Bankruptcy Code, the trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party

---

[2] Acceptance of a "back-up" bid and proceeding to consummate a transaction with the "back-up" bidder shall be without prejudice to any claim of the Trustee against the winning bidder for failing to proceed. All rights are reserved.

asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169 n.3   (2d Cir. 2005) (Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities."); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

20.    The Trustee states that the Trustee shall satisfy Section 363(f)(2) of the Bankruptcy Code because the Secured Creditor consents to a sale of the property under Section 363(f)(2) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and interests.

21.     The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers no later than 5 days prior to the hearing on the instant Motion, or the Court will authorize the sale of the Property free and clear of any such asserted interest  or security interest, with such claims, at best, being treated as a general unsecured claim.[3] Failure to object after proper notice and opportunity to object is deemed consent.  *See BAC Home Loans Servicing LP v.* Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v.* Elliott, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresource LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012WL1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).

22.     Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee, seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by

[3] The Trustee reserves the right to dispute the alleged amount of any such claim both as to validity and amount.

the Trustee or his/her professionals. Notwithstanding that the Trustee will seek authority to execute all documents and instruments the Trustee deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed, and (b) a copy of the Final Sale Order.

23.     The Secured Creditor agrees to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) all HOA fees required be paid under applicable state and federal law, including any post-petition HOA fees required to be paid under applicable state and federal law and (3) all closing costs excluding professional fees, but including State Documentary Stamps for the entire closing price pursuant to Florida Statue Sections 201.01 and 201.02; (4) the Bankruptcy Estate Fee to the Trustee (as detailed in para. 17 above).  Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

## C.     The Sale Will Be Undertaken by the Buyer in Good Faith

24.     Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

25.     The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." (citation omitted)); see *also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

26.     The Trustee asserts that the sale of the Property pursuant to the Online Sale will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion.  Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

27.     The Trustee further states that:

(a)     the Trustee has reviewed the tax implications of the proposed Sale and has determined that the proposed sale will not result in a capital gains tax event to the estate or other taxable event which would negate the benefit realized from the Bankruptcy Estate Fee ;

(b)     the Trustee has determined, based upon a review of the schedules and information derived from the 341 meeting, that there will likely be a meaningful distribution to creditors based upon the understanding that the final sale price and the total dollar amount of claims to be filed in this case are both unknown and can only be estimated at this time; and

(c)     Given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed Sale is in the best interest of the estate and its creditors.

28.     The Trustee respectfully requests that this Court: (a) waive the 14-day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents the Trustee deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of the this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

## CONCLUSION

For the foregoing and all other necessary and proper purposes, the Trustee requests that the Court enter an order (i) approving the Online Sale of the Property to (x) the designated Third Party Buyer named herein or (y) to any other qualified Third Party Buyer that submits a winning bid for the Property, (ii) approving the Online Sale of the Property to the Secured Creditor if it submits the winning bid, (iii) approving the "Bankruptcy Estate Fee" as detailed in paragraph 17; and (iv) granting such other and further relief as this Court deems just and equitable.

Date: February 2, 2018

Respectfully submitted,

*/s/ Traci Stevenson*
Traci Stevenson
501 E. Polk Street, Suite 1200
Tampa, FL 33603
Telephone: (727) 397-4838
tracikstevenson@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 02/02/2018 a true and correct copy of the foregoing *Motion* has been filed with the Court and furnished via electronic noticing through the CM-ECF System to all parties requesting such notice and via first class U.S. Mail postage-prepaid, to all parties-in-interest not receiving electronic notices, who are listed in the matrix attached hereto and obtained from the U. S. Clerk of the Bankruptcy Court on 02/02/2018.